JOHN C. CRUDEN
Assistant Attorney General
DAVID W. GEHLERT, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Telephone: (303) 844-1386
Facsimile: (303) 844-1350
david.gehlert@usdoj.gov

Attorneys for Defendants

RICHARD H. HART, JR.
Law Office Of Richard H. Hart PC
rick@richardhartlaw.com
P.O. Box 6193
Tahoe City, CA 96145
Telephone: 530-581-4800

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIANO FARMS, LLC, a Limited Liability Company; ROBERT A. LUCIANO, JR., an individual and the trustee of the Robert A. Luciano Jr. Revocable Trust Dated February 27, 1995,<br><br>　　　　　Plaintiffs,<br>　　vs.<br><br>UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF AGRICULTURE; TOM VILSACK, Secretary of Agriculture; UNITED STATES FOREST SERVICE; TOM TIDWELL, Chief Forester; EARL FORD, Forest Supervisor, Plumas National Forest; DEB BUMPUS, District Ranger, Beckwourth Ranger District; and DOES 1-25,<br><br>　　　　　Defendants. | Case No. 2:13-cv-02116-KJM-AC<br><br>**ORDER GRANTING JOINT MOTION FOR APPROVAL OF DISCLAIMER AND TO VACATE ORDER AND CONDITIONAL STIPULATION OF DISMISSAL** |

**Case No. 2:13-cv-02116-KJM-AC: Order Approving Disclaimer and for Other Purposes -** Page 1

Having considered the parties' joint motion for approval of the United States' disclaimer of interest and to vacate the court's May 23, 2014 order, the court makes the following orders:

## I. APPROVAL OF DISCLAIMER

The court CONFIRMS the United States' disclaimer of interest, because it was executed in good faith. *See Leisnoi, Inc. v. United States*, 313 F.3d 1181, 1184 n.5 (9th Cir. 2002) (citing *Lee v. United States*, 809 F.2d 1406, 1409–10 (9th Cir. 1987)).

## II. VACATUR OF MAY 13, 2014 ORDER (ECF NO. 37)

The court's May 23, 2014 order granting in part and denying in part defendant's motion to dismiss (ECF No. 37) is an interlocutory order. Rule 54(b) of the Federal Rules of Civil Procedure provides this court with authority to revise an interlocutory order "when it is 'consonant with equity' to do so." *De La O v. Arnold-Williams*, Nos. 04-0192 & 05-0280, 2008 WL 4192033, at *1 (E.D. Wash. Aug. 27, 2008) (quoting *Simmons v. Brier Bros. Co.*, 258 U.S. 82, 91 (1922)); *see also Cuviello v. Cal Expo*, No. 11-2456, 2014 WL 1379873, at *3 (E.D. Cal. Apr. 8, 2014) (discussing *De La O*). Whether it is consonant with equity to vacate an interlocutory order turns on several factors: "whether all the parties involved in the ruling(s) request and agree to vacatur as a condition of a proposed settlement of the action; . . . whether a former party to the action would be adversely affected by a vacatur; and whether the costs of continuing the action with uncertain results are outweighed by the benefits of the proposed settlement of the action." *Cuviello*, 2014 WL 1379873, at *3 (quoting *De La O*, 2008 WL 4192033, at *1).

Here, each of those factors favors vacatur. Both parties to the litigation request vacatur, and there are no former parties to the litigation. As described in the parties' joint motion, the settlement, when consummated, will bring significant benefits to both parties. Because the settlement is conditioned upon vacatur, granting this motion will enable the parties to realize those benefits. *See Cuviello*, 2014 WL 1379873, at *3 (citing *Major League Baseball Props., Inc. v. Pac. Trading Cards, Inc*., 150 F.3d 149, 152 (2d Cir. 1998), and *De La O*, 2008 WL 4192033, at *1).

Should the settlement not be consummated, the parties would have to expend considerable resources to see the case through to completion. Resolution of the case through litigation would require both a multi-day trial of plaintiffs' claim to a right-of-way and summary judgment proceedings on plaintiffs' claims brought under the APA. *See* ECF No. 62. Further, there would be a risk of appeal, "which would generate further litigation expenses, and possible remand to this Court." *Gemini Ins. Co. v. N. Am. Capacity Ins. Co.*, No. 14-00121, 2015 WL 3891423, at *3 (D. Nev. June 18, 2015). While the court is fully prepared to preside over any trial needed, by granting the instant motion, "the Court will fully dispose of the case [and] allow the Parties to efficiently resolve their dispute without the use of any further judicial resources." *Id.*

The parties' filing recognizes that their motion implicates important public interests. This court expended resources in crafting the order on the motion to dismiss, and even though "a district court's order is not precedential, 'there is a systemic interest in preserving district court judgments because they play a significant role in the development of decisional law by providing guidance to private parties with respect to the availability of remedies and to litigation strategy, and they can also be useful to the courts of appeals in rendering decisions.'" *Cuviello*, 2014 WL 1379873, at *4 (quoting *Philip Servs. Corp. v. City of Seattle*, No. 06–2518, 2007 WL 3396436, at *3 (S.D. Tex. Nov. 17, 2007)) (internal quotation marks omitted).

Granting the parties' joint motion will neither remove the ability of the order to offer guidance nor render the court's efforts in promulgating the order a nullity. The order "will remain in electronic research databases, albeit flagged, and so [it will be] available for whatever guidance [it] may give to parties and other courts." *Cuviello*, 2014 WL 1379873, at *4; *see also Ohio Willow Wood Co. v. Thermo-Ply, Inc.*, 769 F. Supp. 2d 1065, 1068 (E.D. Tex. 2011) (noting that orders published electronically are available to other parties and courts for "[w]hatever persuasive guidance the order may provide").

Vacatur is further appropriate because this is a joint motion and the prospect of vacating the order was not the primary motive for the settlement. *Am. Games v. Trade Prods., Inc.*, 142

F.3d 1164, 1170 (9th Cir. 1998).  Thus, this is not a case where one party has suffered a litigation defeat and seeks to execute "a refined form of collateral attack" to negate that defeat.  *Cuviello*, 2014 WL 1379873, at *4 (quoting *NASD Dispute Resolution, Inc. v. Judicial Council of State of Cal.*, 488 F.3d 1065, 1068 (9th Cir. 2007)); *see also U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 27 (1994)).  In contrast to *NASD* and *Bonner Mall*, both parties here gained and lost through the order, and both parties seek its vacatur.  *See NASD*, 488 F.3d at 1067 (noting that the motion to vacate was opposed by the party that prevailed in the lower court proceedings); *Bonner Mall*, 513 U.S. at 18 (same).

Finally, the Ninth Circuit has recognized that the public interest is furthered by settling and quieting litigation.  *E.g.*, *Ahern v. Cent. Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988).  Granting this motion will further that public interest.

For the foregoing reasons, the court GRANTS the parties' joint motion to vacate its May 23, 2014 order (ECF No. 37).

### III.   DISMISSAL WITH PREJUDICE

The parties' settlement agreement calls for this action to be dismissed with prejudice. The Quiet Title Act (QTA) provides that when the United States files a disclaimer of interest in real property prior to the commencement of trial and the "disclaimer is confirmed by order of the court, the jurisdiction of the district court [under the Quiet Title Act] shall cease . . . ."  28 U.S.C. § 2409a(e).   Thus, the court's confirmation of the disclaimer will divest the court of jurisdiction over plaintiffs' claims brought under the QTA.  *Lee*, 809 F.2d at 1409.

Additionally, plaintiffs' Administrative Procedures Act (APA) claims can be dismissed under Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.  *See Pedroza v. Lomas Auto Mall, Inc.*, 304 F.R.D. 307, 323 (D.N.M. 2014) (Rule 41 dismissal may be used to dismiss claims remaining in an action after a court order has surrendered jurisdiction over some claims) (discussing 8 James Wm. Moore et al., *Moore's Federal Practice,* § 41.21[1] (3d ed. 2012)). Rule 41(a)(1)(A)(ii) allows parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all parties who have appeared.  *Carter v. Beverly*

*Hills Sav. & Loan Ass'n*, 884 F.2d 1186, 1191 (9th Cir. 1989); *Eitel v. McCool*, 782 F.2d 1470, 1472–73 (9th Cir. 1986).  The parties here have satisfied the requirements of Rule 41(a)(1)(A)(ii).  Accordingly, plaintiffs' APA claims are DISMISSED with prejudice.

IV.     **CONCLUSION**

   For the foregoing reasons, the court CONFIRMS the United States' disclaimer of interest (ECF No. 74-1); VACATES the court's May 23, 2014 order granting in part and denying in part defendant's motion to dismiss (ECF No. 37); and DISMISSES plaintiffs' APA claims with prejudice.  CASE CLOSED.

   IT IS SO ORDERED.

DATE:  September 13, 2016.

_____
UNITED STATES DISTRICT JUDGE